UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KONDAUR CAPITAL CORPORATION, | ) | CV 10-08059 SVW (JCx) |
| Plaintiff, | ) | |
| v. | ) | ORDER REMANDING CASE TO THE |
| | ) | SUPERIOR COURT OF CALIFORNIA |
| SUMMER MISUMI LEAL, | ) | FOR THE COUNTY OF LOS ANGELES |
| Defendant. | ) | [JS-6] |
| | ) | |

Plaintiff filed suit against Defendant in state court for Unlawful Detainer. Defendant removed the case to this Court on October 26, 2010. [Docket no. 1].

"This Court has the duty to consider subject matter jurisdiction sua sponte in every case, whether the issue is raised by the parties or not." See Spencer Enterprises, Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003).

While Defendant's removal filing is somewhat vague, it appears that the removal was made on the basis of this Court's federal question jurisdiction, 28 U.S.C. § 1331 and diversity jurisdiction, 28 U.S.C. §

1332. However, neither ground for federal jurisdiction is proper in this case. Unlawful Detainer is a state law claim. See Cal. C. C. P. § 1161; Homesales, Inc. v. Frierson, 2009 WL 365663, *2 n.8 ("An unlawful detainer action is a true state law claim."). U.S. Nat'l Ass'n v. Almanza, No. 1:09-CV-28 AWI DLB, 2009 WL 161082, *2 (E.D. Cal. Jan. 22, 2009) (remanding a state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question"). Defendant's argument that there is "federal jurisdiction resulting from the Moving Party's Discovery Request" has no basis in law. (Not. of Rem. at 2). It is well established that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Discovery requests have no bearing on federal jurisdiction.

Nor is there diversity jurisdiction, as all parties in this action are residents of California, including the removing Defendant. As Defendant's own removal papers assert: "At the time of the filing of the State Court action, and at the time of the filing of this Federal Court action, The Defendant and Moving Party, ANA LOPEZ citizenship was that of The United States of America, and the Moving Party , ANA LOPEZ'S current residence is that of the State of California." (Not. of Rem. at 2). Kondaur Capital Corporation is also a resident of California, and the property in question is located in California.

//

//

//

//

1    Accordingly, the Court cannot exercise jurisdiction over this

2 action.   The Court ORDERS that the action be REMANDED to state court

3 pursuant to 28 U.S.C. § 1447(c).

4

5

6    IT IS SO ORDERED.

7

8

9 DATED:_____December 15, 2010_____      _____

10                                              STEPHEN V. WILSON

11                                         UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28